**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| WILSON V. PANDALES, | : | **Hon. Robert B. Kugler** |
| | : | |
| Petitioner, | : | Civil No. 13-0841 (RBK) |
| | : | |
| v. | : | |
| | : | |
| JORDAN HOLLINGSWORTH, | : | **OPINION** |
| | : | |
| Respondent. | : | |

**APPEARANCES**:

> WILSON V. PANDALES, #51432-018
> FCI Fort Dix
> P.O. 2000
> Fort Dix, NJ 08640
> Petitioner Pro Se

**KUGLER, District Judge**:

Wilson V. Pandales filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 challenging his imprisonment pursuant to a federal sentence imposed on June 8, 2010, by Judge Virginia M. Hernandez Covington in the United States District Court for the Middle District of Florida, after he pled guilty to two counts under the Maritime Drug Law Enforcement Act.  See United States v. Pandales, Crim. 09-0575 (VMC) judgment (M.D. Fla. June 8, 2010). Having thoroughly reviewed the Petition, as well as the docket in the underlying criminal proceeding, this Court will summarily dismiss the Petition.

## I.  BACKGROUND

On December 16, 2009, a grand jury in the Middle District of Florida returned a two-count indictment against Pandales and two co-defendants.  The indictment charged that from an unknown date through December 11, 2009, "while on board a vessel subject to the jurisdiction of the United States," defendants knowingly conspired and agreed to distribute five kilograms or more of cocaine (count one), and defendants knowingly possessed with the intent to distribute five kilograms or more of cocaine (count two).  United States v. Pandales, Crim. 09-0575 (VMC) indictment (M.D. Fla. Dec. 16, 2009).  On March 8, 2010, Pandales pled guilty to counts one and two of the indictment.  On June 8, 2010, Judge Virginia M. Hernandez Covington sentenced Pandales to 135 months in prison and five years of supervised release.  The docket of the Middle District of Florida shows that Pandales did not appeal or file a motion to vacate the sentence under 28 U.S.C. § 2255.

Pandales, who is now incarcerated at FCI Fort Dix in New Jersey, signed his § 2241 Petition on January 10, 2013.  The Clerk accepted it for filing on February 11, 2013.  He raises two grounds:  "New 11th Circuit law - no jurisdiction to arrest and detain" (ground one), and "Ilegal[l]y incarcerated - no jurisdiction to impose a prison sentence" (ground two).  (Dkt. 1 at 14.)  In a memorandum accompanying the Petition, he argues:  his incarceration is illegal under United States v. Bellaizac-Hurtado, 700 F.3d 1245 (11th Cir. 2012); the sentencing court was without jurisdiction to impose a sentence; and the "act for which Petitioner was convicted is no longer considered to be a crime, and he cannot raise this issue in a § 2255 motion."  (Dkt. 1 at 1.)  Factually, he alleges that in January 2010, he "was illegally seized" by the U.S. Coast Guard 80 miles from the coast of Guatemala and prosecuted under the Maritime Drug Law Enforcement

Act.  Id. at 3.   Relying on the Eleventh Circuit opinion in Bellaizac-Hurtado, he seeks an order

vacating his criminal judgment or alternatively granting an evidentiary hearing.  Id. at 8.

## II.  DISCUSSION

Section 2241 of Title 28 of the United States Code provides that the writ of habeas corpus

shall not extend to a prisoner unless he "is in custody in violation of the Constitution or laws or

treaties of the United States."  28 U.S.C. § 2241(c)(3).  Nevertheless, a challenge to the validity

of a federal conviction or sentence must be brought under 28 U.S.C. § 2255.  See Davis v. United

States, 417 U.S. 333 (1974); Okereke v. United States, 307 F.3d 117, 120 (3d Cir. 2002).  This is

because 28 U.S.C. § 2255 expressly prohibits a district court from entertaining a challenge to a

prisoner's federal sentence under § 2241 unless the remedy by motion under § 2255 is

"inadequate or ineffective to test the legality of his detention."  See 28 U.S.C. § 2255(e);[1] see

Cradle v. U.S. ex rel. Miner, 290 F.3d 536 (3d Cir. 2002); In re Dorsainvil, 119 F.3d 245, 251

(3d Cir. 1997); Millan-Diaz v. Parker, 444 F.2d 95 (3d Cir. 1971); Application of Galante, 437

---

[1] The "inadequate or ineffective" language was necessary because the Supreme Court
held that "the substitution of a collateral remedy which is neither inadequate nor ineffective to
test the legality of a person's detention does not constitute a suspension of the writ of habeas
corpus."  Swain v. Pressley, 430 U.S. 372, 381 (1977).  Specifically, § 2255(e) provides:

> An application for a writ of habeas corpus [pursuant to 28 U.S.C. §
> 2241] in behalf of a prisoner who is authorized to apply for relief
> by motion pursuant to this section, shall not be entertained if it
> appears that the applicant has failed to apply for relief, by motion,
> to the court which sentenced him, or that such court has denied him
> relief, unless it also appears that the remedy by motion is
> inadequate or ineffective to test the legality of his detention.

28 U.S.C. § 2255(e).

F.2d 1164 (3d Cir. 1971) (per curiam); United States ex rel. Leguillou v. Davis, 212 F.2d 681, 684 (3d Cir. 1954).

A § 2255 motion is inadequate or ineffective, authorizing resort to § 2241, only where the petitioner demonstrates that he "had no prior opportunity to challenge his conviction for a crime that an intervening change in substantive law could negate with retroactive application." Okereke v. United States, 307 F.3d 117, 120 (3d Cir. 2002) (citing Dorsainvil, 119 F.3d at 251). For example, in Dorsainvil, the Third Circuit held that § 2255 was inadequate or ineffective for Dorsainvil's claim that he was imprisoned for conduct that the Supreme Court ruled in Bailey v. United States, 516 U.S. 137 (1995), was not a crime, where the Supreme Court issued Bailey after Dorsainvil's § 2255 motion was denied on the merits and the Third Circuit determined that Dorsainvil could not meet either of the gatekeeping requirements under 28 U.S.C. § 2255(h) to authorize the filing of a second or successive § 2255 motion.[2] See Dorsainvil, 119 F. 3d at 250 ("A Supreme Court decision interpreting a criminal statute that resulted in the imprisonment of one whose conduct was not prohibited by law presents exceptional circumstances where the need for the remedy afforded by the writ of habeas corpus is apparent").

Here, Pandales claims that he is imprisoned for conduct that the Eleventh Circuit (the circuit wherein he was convicted) deemed non-criminal in United States v. Bellaizac-Hurtado, 700 F.3d 1245 (11th Cir. 2012), after his conviction became final.  In Bellaizac-Hurtado, the

---

[2] Section 2255(h) provides that a second or successive § 2255 motion must be certified by a panel of the appropriate court of appeals to contain "(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or (2) a new rule of constitutional laws, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable."  28 U.S.C. § 2255(h)(1) and (2).

4

Eleventh Circuit reversed convictions under the Maritime Drug Law Enforcement Act on direct appeal on the ground that Congress lacked "the power under the Offences Clause to proscribe drug trafficking in the territorial waters of another nation." [3]  Id. at 1249.  But the holding of Bellaizac-Hurtado does not make Pandales' conduct non-criminal because Pandales asserts that he was convicted of drug trafficking "80 miles" from coast of Guatemala (Dkt. 1 at 3), which puts him in international waters, not the territorial waters of another nation.[4]  In addition, unlike Dorsainvil, Pandales did not raise or attempt to raise his Bellaizac-Hurtado challenge in a § 2255 motion in the Middle District of Florida.  Finally, this Court recently held that § 2255 was not an inadequate or ineffective remedy for identical claims brought inmates who were convicted under the Maritime Drug Law Enforcement Act in the Middle District of Florida of drug trafficking in the waters 34 miles off the coast of Guatemala, see Ortiz-Dominguez v. Hollingsworth, Civ. No. 13-0025 (RBK), 2013 WL 163284 (D.N.J. Jan. 11, 2013), and 160 miles off the coast of Columbia, see Paredes v. Hollingsworth, Civ. No. 13-0531 (RBK) opinion (D.N.J. Feb. 4, 2013).  Accordingly, this Court finds that § 2255 is not an inadequate or ineffective remedy for Pandeles' claim and will dismiss the Petition for lack of jurisdiction.  Id.

---

[3] The United States argued that the Maritime Drug Law Enforcement Act, as applied to defendants who were drug trafficking in the territorial waters of another nation, is a constitutional exercise of the power granted to Congress "[t]o define and punish Piracies and Felonies committed on the high Seas, and Offences against the Law of Nations."  U.S. Const., Art. I, §8, cl.10.  See Bellaizac-Hurtado, 700 F.3d at 1248.

[4] "On December 28, 1988, the President announced that the United States would henceforth recognize a territorial sea of 12 nautical miles."  Argentine Republic v. Amerada Hess Shipping Corp., 488 U.S. 428, 441 n.8 (1989); see also 1982 United Nations Convention on the Law of the Sea, Dec. 10, 1982, 1833 U.N.T.S. 3, art. 3 (entered into force Nov. 16, 1994) (Territorial waters are the coastal waters extending seaward at most for four leagues or twelve nautical miles from the baseline of a nation, and the high seas is the entire body of waters stretching seaward of the nation's territorial waters).

### III.  CONCLUSION

The Court dismisses the Petition for lack of jurisdiction.


 s/Robert B. Kugler             
**ROBERT B. KUGLER, U.S.D.J.**

Dated:    February 15   , 2013